UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEADFAST INSURANCE COMPANY,

    Plaintiff,

v.

VALLEY FORGE INSURANCE COMPANY, *et al*.,

    Defendants.

CASE NO.  C04-2300RSM

ORDER GRANTING MOTION FOR DISCHARGE OF STAKEHOLDER IN INTERPLEADER ACTION

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Motion for Discharge of Stakeholder in Interpleader Action. (Dkt. #102). Plaintiff argues that it properly filed an interpleader action, that it deposited the extent of its policy limit, $1 million, with the Court, and is now properly dischargeable from this suit as a disinterested stakeholder.

Defendants Valley Forge Insurance Company and Transportation Insurance Company oppose the motion, arguing that plaintiff has come to this Court with "unclean hands," that plaintiff has not moved for summary judgment and cannot seek to be discharged from extra-contractual claims not pleaded in this action, and that defendants have pleaded a counterclaim under Washington law for prejudgment interest and that claim is not limited to plaintiff's policy

ORDER
PAGE – 1

limits.

For the reasons set forth below, the Court disagrees with defendants and GRANTS plaintiff's motion for discharge.

## II.  DISCUSSION

### A.  Background

On November 12, 2004, plaintiff filed the instant interpleader action.  In its Complaint, plaintiff stated that it had issued an insurance policy to defendant Wall Finishes, Inc., which covered, *inter alia*, claims for property damage arising out of completed operations.  (Dkt. #1 at 4).  The aggregate limit applicable to indemnity payments and defense costs pertaining to such property damage is $1 million.

Plaintiff acknowledged that several of the named defendants made claims of property damage against Wall Finishes arising from completed operations, and that defendants Valley Forge Insurance Company and Transportation Insurance Company had also issued insurance policies to Wall Finishes, Inc.  Accordingly, plaintiff deposited its policy limit of $1 million with the Court, asked the Court to adjudicate the amount of money to which each defendant is entitled, and asked that it be discharged from all liability to the extent that the Court awards each defendant a portion of the deposited money.

Several of the originally-named defendants subsequently admitted that they did not have a claim to the funds deposited by plaintiff and stipulated to dismissal from the case.  Several other named defendants failed to appear and default judgments were entered against them, which precludes them from making a claim to the deposited funds.  The remaining named defendants assert claims which total in excess of the funds deposited in this Court.

Plaintiff now asks to be discharged from this action pursuant to 28 U.S.C. § 2361, claiming no right to the deposited funds, and having no interest in which of the claimants has

ORDER
PAGE – 2

priority in the funds. Of the remaining defendants, only Valley Forge Insurance Company and Transportation Insurance Company oppose the motion.

### B. Interpleader Actions and "Unclean Hands"

An interpleader action is a device which allows a stakeholder who is uncertain whether and to whom he or she is liable to join those who might assert a claim against him or her in one action, with such liability being determined by the Court. 7 Charles A. Wright, *et al.*, Fed. Prac. & Proc. § 1702 (3d ed. 2001). Defendants do not argue that plaintiff does not meet the criteria for bringing such interpleader action under 28 U.S.C. § 1335. Rather, defendants first argue that plaintiff should not be discharged from this action because it comes to the Court with "unclean hands." (Dkt. #103 at 3-4). Defendants assert that plaintiff is not entitled to the equitable remedy of an interpleader action because it "failed to pay anything or settle" several lawsuits tendered against it by insureds it shared in common with defendants. (Dkt. #103 at 3-4). The Court is not persuaded by defendants' argument.

While defendants assert that "Steadfast failed to honor its contract with its insureds when they tendered the defense of several lawsuits," instead leaving defendants to spend over $3,500,000 million to settle and defend those suits, defendants produce no evidence in supprt of their allegation. Defendants cite to no specific affidavits or exhibits in the factual record, or otherwise raise any question of fact before this Court. Accordingly, the Court agrees with plaintiff that defendants have failed to raise any facts that would preclude this interpleader action or prevent the discharge of plaintiff. (*See* Dkt. #104 at 2).

### C. Discharge of Extra-Contractual Claims

Defendants next argue that plaintiff should not be discharged because it has not moved for summary judgment relating to the discharge of claims such as extra-contractual claims which would not involve the interpleaded funds. (Dkt. #103 at 4). It is not clear to this Court why

ORDER
PAGE – 3

1  defendants have presented this argument when no such extra-contractual claims have been

2  raised.  In fact, defendants clarify in their own briefing that they have neither brought nor intend

3  to bring such claims against plaintiff.  (Dkt. #103 at 4 n. 1).  No other defendants in this suit

4  have raised such claims.  Thus, it appears that defendants' argument is purely hypothetical, and

5  is irrelevant to the current action.  Accordingly, the Court will not consider defendants'

6  arguments pertaining to extra-contractual claims.

7  **D.  Claim for Prejudgment Interest**

8  Finally, defendants argue that plaintiff should not be discharged because they have

9  asserted a counterclaim for prejudgment interest, which is not limited by plaintiff's policy limit.

10  Defendants argue that once they made payments to defend and settle claims against the insureds

11  it shared in common with plaintiff, the payments became "liquidated," which entitles defendants

12  to recover prejudgment interest.  (Dkt. #103 at 5).  Plaintiff responds that defendants' claim

13  does not preclude discharge because an interpleading party bears no liability for interest on the

14  interpleaded fund after the date it is paid to the Court, defendants payments are not "liquidated"

15  as defendants assert, and defendants did not include prejudgment interest in the damages they

16  were required to identify in their initial disclosures under 26(a) of the Federal Rules of Civil

17  Procedure.  (Dkt. #104 at 3-4).

18  The parties agree that under Washington law prejudgment interest is only allowable when

19  an amount claimed is liquidated.  *Hansen v. Rothaus*, 107 Wn.2d 468, 472 (1986);  *Prier v.*

20  *Refrigeration Eng'g Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968).  A "liquidated" claim is one

21  where "the evidence furnishes data which, if believed, makes it possible to compute the amount

22  with exactness, without reliance on opinion or discretion."  *Prier,* 74 Wn.2d at 32 (citation

23  omitted).  A dispute over the claim, "in whole or in part, does not change the character of a

24  liquidated claim to unliquidated."  *Prier,* at 74 Wn.2d at 33 (citation omitted).

25

ORDER

26  PAGE – 4

Plaintiff responds that it is unable to ascertain the amounts owed to each client, which is exactly why it filed this interpleader action, and therefore, the claims at issue here are not liquidated.  For example, plaintiff notes that defendants may end up with nothing from the fund on the basis that they are jointly and severally liable to the other defendants regardless of whether plaintiff contributed to claims already paid.  Plaintiff further notes that the whole of the funds may go to defendants other than those opposing the instant motion, and that were not also paid by the defendants opposing the instant motion, and therefore, defendants would not have a viable claim against the fund.  (Dkt. #104 at 4).  The Court is persuaded by this reasoning that defendants' claims are unliquidated.  Because the Court agrees with plaintiff on that basis, it will not address plaintiff's additional arguments pertaining to defendants' claim for prejudgment interest.  The Court finds that defendants' counterclaim for prejudgment interest does not preclude discharge of plaintiff from this action.

**E. Discharge**

Federal courts are entitled to dismiss the stakeholder in an interpleader action from liability. 28 U.S.C. § 2361; *Walker v. Pritzker*, 705 F.2d 942, 944 (7th Cir. 1983) (stating that "federal interpleader contemplates that the stakeholder may be discharged from the litigation once the fund is deposited with the court, leaving the adverse claimants to litigate their dispute between themselves.").  In the instant case, this Court has determined that plaintiff is entitled to file an interpleader action, plaintiff has disclaimed any further interest in the proceeds, and defendants have presented no material factual or legal controversy between themselves and plaintiff.  Accordingly, the Court finds that discharge is appropriate and grants plaintiff's motion. *See GE Capital Assur. v. Van Norman*, 209 F. Supp.2d 668, 670 (S.D. Tex. 2002); *Equitable Life Assurance Soc. v. Miller*, 229 F. Supp. 1018 (D. Minn. 1964) (finding that when interpleader is proper discharge is justified); *Savannah Bank & Trust Co. v. Block*, 175 F. Supp.

ORDER
PAGE – 5

798 (S.D. Ga. 1959).

### III. CONCLUSION

Having reviewed plaintiff's Motion for Discharge of Stakeholder in Interpleader Action (Dkt. #102), defendants Valley Forge Insurance and Transportation Insurance Companies' opposition to the motion (Dkt. #103), plaintiff's reply (Dkt. #104), and the remainder of the record, the Court does hereby find and ORDER:

(1) Plaintiff's Motion for Discharge of Stakeholder in Interpleader Action (Dkt. #102) is GRANTED. Plaintiff is hereby fully discharged from this action with prejudice and without fees or costs.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 12th day of October, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 6