UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEADFAST INSURANCE COMPANY,

Plaintiff,

v.

VALLEY FORGE INSURANCE
COMPANY, *et al.*,

Defendants.

CASE NO.  C04-2300RSM

MEMORANDUM ORDER
GRANTING IN PART
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
GRANTING STAY OF
PROCEEDINGS

## I.  INTRODUCTION

This matter comes before the Court on defendants', Valley Forge Insurance Company and Transportation Insurance Company, Motion for Summary Judgment Dismissing Claims of Tort Claimants (Dkt. #105), and defendants', Dynasty Construction Company, Shin Lu Mark Liu and Yung Pai Shu Liu (collectively known as "Dynasty"), related Motion to Stay Proceedings Pending a Decision by the Supreme Court on Appeal.  (Dkt. #113).

Valley Forge and Transportation argue that neither Dynasty nor Aecon Buildings, Inc., another defendant, has a valid claim against the interpleader fund in this action, and therefore, they should be dismissed as defendants.

ORDER
PAGE - 1

1   Aecon has failed to respond to the motion for summary judgment.  Dynasty responds

2   that its claim against the fund relies on litigation concurrently proceeding in Washington state

3   court, and therefore, summary judgment is not appropriate.  At the same time, Dynasty asks the

4   Court to stay the instant proceedings until the state court action is resolved.

5   For the reasons set forth below, the Court agrees with Dynasty, and GRANTS IN PART

6   and DENIES IN PART Valley Forge's and Transportation's motion for summary judgment, and

7   GRANTS Dynasty's motion for a stay of proceedings.

## II.  DISCUSSION

### A.  Background

On November 12, 2004, plaintiff filed the instant interpleader action.  In its Complaint,

plaintiff stated that it had issued an insurance policy to defendant Wall Finishes, Inc., which

covered, *inter alia*, claims for property damage arising out of completed operations.  (Dkt. #1 at

4).  The aggregate limit applicable to indemnity payments and defense costs pertaining to such

property damage is $1 million.

Plaintiff acknowledged that several of the named defendants appeared to have claims of

property damage against Wall Finishes arising from completed operations, and that defendants

Valley Forge Insurance Company and Transportation Insurance Company had also issued

insurance policies to Wall Finishes, Inc.  Accordingly, plaintiff deposited its policy limit of $1

million with the Court, asked the Court to adjudicate the amount of money to which each

defendant is entitled, and asked that it be discharged from all liability to the extent that the Court

awards each defendant a portion of the deposited money.  The Court subsequently discharged

plaintiff from this action.

Several of the originally-named defendants in this action have admitted that they do not

have a claim to the funds deposited by plaintiff and ultimately stipulated to dismissal from the

case.  Several other named defendants failed to appear and default judgments were entered

ORDER
PAGE - 2

against them, which precludes them from making a claim to the deposited funds.  The remaining named defendants assert claims which total in excess of the funds deposited in this Court.

One of those remaining defendants, Dynasty, does not yet have a final judgment against Wall Finishes.  Dynasty's claim rests on the final outcome in *Ballard Square Condominium Owners Association v. Dynasty Construction Company*, King County Superior Court Cause No. 02-2-29025-6SEA.  In that action, Ballard Square's claims against Dynasty were dismissed on summary judgment.  Ballard Square subsequently appealed to the Washington State Court of Appeals, which affirmed the dismissal of its claims against Dynasty.  Ballard Square then filed a Petition for Review of that decision to the Washington Supreme Court.  The parties currently await a decision on the Petition.  In the meantime, King County Superior Court has stayed claims made by Dynasty against Wall Finishes in a third-party action.  Dynasty asserts that those stayed claims give rise to any interest it may have in the interpleader fund.

**B.  Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury

ORDER
PAGE - 3

could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

### C.  Motion for Summary Judgment

Valley Forge and Transportation have asked for the dismissal of both Aecon Buildings, Inc., and Dynasty, as co-defendants in this case.  The Court addresses each co-defendant separately below.

#### 1.  *Aecon Buildings, Inc.*

Defendant Aecon has completely failed to respond to the motion to dismiss.  This District's local rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rule CR 7(b)(2).  Having reviewed the record in this case, the Court finds no reason not to apply this rule.  Accordingly, Aecon will be dismissed as a defendant in this case, and any claim it may have to the interpleader fund will not be considered upon distribution.

#### 2.  *Dynasty*

Valley Forge and Transportation next argue that Dynasty should be dismissed as a defendant because it does not yet have a judgment against Wall Finishes, and therefore, can make no claim to the interpleader fund deposited by Wall Finishes' insurer Steadfast Insurance Company.  Valley Forge and Transportation note that the Steadfast insurance policy allows suit against it only by persons holding a judgment against its insured or holding an agreed settlement.  Valley Forge and Transportation also note that the policy accords with Washington state law, which provides that a tort plaintiff's cause of action against the insured does not give a direct right of action against his or her liability insurer.  *See* RCW 48.18.050; *Mahler v. Szucs*, 135

ORDER
PAGE - 4

Wn.2d 398, 423 (1998); *Burr v. Lane*, 10 Wn. App. 661, 670 (1974).  Valley Forge and Transportation also rely on the U.S. Supreme Court's decision in *State Farm Fire & Casualty Co. v. Tashire*, 368 U.S. 523 (1967), for the proposition that Dynasty may not resolve its tort claims against Wall Finishes by making a claim to the interpleader fund.  The Court finds this argument misguided.

Federal courts have commonly relied on *Tashire* for the general proposition that the interpleader statute, 28 U.S.C. § 1335, allows insurance company plaintiffs to file such actions even if all of the defendants have not yet reduced their claims to judgment.  *See Tashire*, 386 U.S. at 533; *see also Metro Prop. & Cas. Ins. Co. v. Shan Trac, Inc.*, 324 F.3d 20, 23 (1st Cir. 2003) (following *Tashire*); *Aetna Casualty & Surety Co. v. Ahrens*, 414 F. Supp. 1235, 1245 (S.D. Tex. 1975) (same).  The Court explicitly rejected Valley Forge's and Transportation's position, as evidenced by the separate dissent written by Justice Douglas, which raises nearly identical arguments.  *See Tashire*, 386 U.S. at 538-41 (Douglas, J., dissenting).  Thus, the fact that Dynasty does not yet have a final judgment against Wall Finishes, or a direct cause of action against Steadfast, does not of itself preclude Dynasty as a defendant in this interpleader action.

Furthermore, while Valley Forge and Transportation attempt to persuade this Court that Dynasty's failure to produce initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure also requires dismissal, Valley Forge and Transportation have not provided, and the Court has not found, any legal authority for that argument.  Accordingly, the Court finds that summary judgment against Dynasty is not appropriate.

### D.  Motion for Stay of Proceedings

Dynasty has requested that this Court stay the instant proceedings until the Washington State Supreme Court has made a decision on the Petition for Review in *Ballard Square Condominiums Association*, *supra*.  Dynasty notes that if the Washington Supreme Court denies review, then Dynasty's claims against Wall Finishes will be dismissed.  Presumably, Dynasty

1    would then stipulate to dismissal in the instant action.  However, Dynasty argues that until their

2    claims against Wall Finishes are dismissed, it has a pending interest in the proceeds of the

3    interpleader fund.

4         While there is no direct authority for granting a stay in this situation, the Court is

5    persuaded by Dynasty's arguments that the very purpose of an interpleader action supports its

6    request.  Interpleader actions were created, in part, to protect certain plaintiffs who admit

7    liability to one or more claimants from "vexatious and multiple litigation."  *Tashire*, 386 U.S. at

8    534.  By joining together defendants with rival claims to the fund itself, an interpleader suit also

9    benefits those claimants by allowing the equitable distribution of funds available for recovery,

10   and eliminates any unfairness that might result from a disproportionate piece of the fund to any

11   claimant fortunate enough to receive a judgment first.  In *Tashire*, the Supreme Court explained

12   that

13           [c]onsiderations of judicial administration demonstrate the soundness of this
             view which, in any event, seems compelled by the language of the present
14           statute, which is remedial and to be liberally construed.  Were an insurance
             company required to await reduction of claims to judgment, the first claimant
15           to obtain such a judgment or to negotiate a settlement might appropriate all
             or a disproportionate slice of the fund before his fellow claimants were able
16           to establish their claims. The difficulties such a race to judgment pose for the
             insurer, and the unfairness which may result to some claimants, were among
17           the principal evils the interpleader device was intended to remedy.

18   *Tashire*, 386 U.S. at 533.

19        Valley Forge and Transportation argue that an indefinite stay of this action violates Rule

20   1 of the Federal Rules of Civil Procedure, which states that the Rules "shall be construed and

21   administered to secure the just, speedy and inexpensive determination of every action."  Fed. R.

22   Civ. P. 1.   Valley Forge and Transportation apparently believe that the "very purpose" of

23   Dynasty's motion for a stay is to delay the determination of the claims by other defendants.

24   However, the Court is convinced that Dynasty's stated purpose of their motion for a stay – to

25   resolve their state court claims, which could create a valid claim to the interpleader fund – is

26

ORDER
PAGE - 6

1   sincere, and therefore, Rule 1 is not violated.  Moreover, the Court agrees with Dynasty that by

2   waiting until its claims are resolved, a just distribution of the interpleader fund is more easily

3   secured.

4           Likewise, the Court is not persuaded that Valley Forge or Transportation will be

5   prejudiced by a stay.  Simply relying on its conclusory statement that it would be "unfair and

6   prejudicial to delay the rights of claimants who have valid, present interests in the interpleaded

7   [sic] fund for three or more years, waiting for events that may never happen," Valley Forge and

8   Transportation have produced no specific evidence or argument of any specific prejudice to

9   themselves or any other claimants.  Nor has Valley Forge or Transportation presented any

10  persuasive argument that such a long delay is likely in Dynasty's case.  Finally, the fact that an

11  excess umbrella policy issued by Great American Insurance Company may be available to

12  Dynasty is of no import.  The existence of such a policy does not prevent or dissolve any valid

13  claim to the interpleader fund created by Steadfast.

14          Accordingly, the Court finds that, by holding that an interpleader plaintiff may join

15  together claimants with both current and prospective claims to an interpleader fund, the U.S.

16  Supreme Court, and the interpleader statute itself, contemplate that some claims to the fund may

17  very well need to be resolved in separate courts before an equitable distribution of the fund can

18  occur.  Therefore, the Court agrees with Dynasty that a stay is appropriate in this action.

19                                  **III. CONCLUSION**

20          Having reviewed Valley Forge's and Transportation's motion for summary judgment

21  (Dkt. #105), Dynasty's opposition (Dkt. #111), Valley Forge's and Transportation's reply (Dkt.

22  #115), and the declarations in support of those briefs, and Dynasty's motion for a stay of

23  proceedings (Dkt. #113), Valley Forge's and Transportation's opposition (Dkt. #116) and

24  Dynasty's reply (Dkt. #117), along with the remainder of the record, the Court hereby

25  ORDERS:

26

ORDER
PAGE - 7

(1)  Valley Forge's and Transportation's Motion for Summary Judgment Dismissing Claims of Tort Claimants (Dkt. #105) is GRANTED IN PART and DENIED IN PART as follows:

    a.    Summary judgment against Aecon Buildings, Inc. is GRANTED and it is hereby DISMISSED as a defendant in this case.  Any claim it may have to the interpleader fund will not be considered upon distribution; and

    b.    Summary judgment against Dynasty Construction Company, Shin Lu Mark Liu and Yung Pai Shu Liu is DENIED and they REMAIN defendants in this action.

(2)  Dynasty's Motion to Stay Proceedings Pending a Decision by the Supreme Court on Appeal (Dkt. #113) is GRANTED.

(3)  This action is STAYED until further notice by the Court.  Dynasty shall inform the Court and all other remaining parties immediately upon resolution of its claims in state court.  At that time, any party may move to lift the stay.

(4)  The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this 7th day of December 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8